UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMONA ZIMMERMAN,

                Plaintiff,

-against-                               **COMPLAINT**


AETNA LIFE INSURANCE COMPANY,

                Defendant.             **Civil Action No.:**
------------------------------------------------------------X

      Plaintiff complaining by her attorney, the Law Offices of Mandell & Santora, does hereby allege as follows:

**I.    INTRODUCTION**

      1.    This is an action brought by an insured and covered employee to recover benefits under a Health Insurance Policy (hereinafter the Policy) issued by defendant Aetna Life Insurance Company (hereinafter Aetna).

      2.    The Policy was offered by plaintiff's Spouse's employer Allstate Insurance Company (Hereinafter Allstate) as part of an employee benefits plan, as detailed in a handout provided to all Allstate employees. The policy is wholly administered by defendant Aetna and all benefits paid, if any, are paid directly by Aetna to any individual or participating provider covered by the Policy.

      3.    The Policy was offered in consideration for payment of a premium amount paid by Allstate to Aetna, part of which was deducted from plaintiff's spouse's wages. In exchange for the payment of said premium, defendant was to provide health insurance

coverage, in the form of direct payments to participating health service providers who provided covered services.

4. Plaintiff, as the spouse of a covered individual, is a direct beneficiary under the terms of the Benefit Plan and the Policy.

## II. PARTIES

5. That at all times hereinafter mentioned, the Plaintiff, Ramona Zimmerman was and still is a resident of the State of New York, County of Nassau..

6. That at all times hereinafter mentioned, the Defendant, AETNA LIFE INSURANCE COMPANY was and still is, a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. That at all times hereinafter mentioned, the Defendant, AETNA LIFE INSURANCE COMPANY was, and still is, a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York.

## III. JURISDICTION

8. This action is one in which the District Court has original jurisdiction under 29 U.S.C. 1331. The claims asserted herein arise under part 4 of Subtitle B of subchapter I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C 1101 through 1114. Pursuant to 29 U.S.C 1132 (a) (1) (b), relief relating to these sections is within the jurisdiction of the Federal Courts.

## IV. FACTUAL ALLEGATIONS

9. That at all times hereinafter mentioned, the Defendant, AETNA LIFE INSURANCE COMPANY was and still is, permitted to issue life, disability, accident and health insurance policies to residents of the STATE OF NEW YORK.

10. That at all times hereinafter mentioned, the Defendant, AETNA LIFE INSURANCE COMPANY, issued a health insurance policy to plaintiff's spouse, as a covered employee, under the auspices of an Employee Benefits Plan offered by Allstate, and administrated and funded by defendant AETNA LIFE INSURANCE COMPANY.

11. That at all times hereinafter mentioned, plaintiff RAMONA ZIMMERMAN was a covered person under an employer sponsored Benefit Plan group policy issued by defendant AETNA LIFE INSURANCE COMPANY. Plaintiff was assigned an insured identification number of W204956013-02. The designated subscriber is plaintiff's spouse, Hamilton Driggs.

12. That at all times hereinafter mentioned, plaintiff's employer Allstate, made regular premium payments to defendant AETNA LIFE INSURANCE COMPANY, pursuant to the terms of benefits plan as described in the Benefit Plan documents.

13. That on or about December 12, 2018, plaintiff RAMONA ZIMMERMAN visited her primary physician with complaints of pain in her left lower back, mid-back, left pelvic, and right shoulder pain. The believed onset of the pain was strain as a result of exercise activities.

14. Plaintiff's primary physician made a number of diagnoses including strain and segmental dysfunction in various muscles and recommended/prescribed a course of physical therapy at the rate of two times a week for a period of four weeks, and recommended a subsequent re-evaluation.

15. Plaintiff was re-evaluated by her physician on March 5, 2019. At that time, her physician conducted an examination and indicated that the diagnosis was unchanged. Plaintiff's physician again recommended a course of physical therapy, at the

rate of two times a week for four weeks, and also prescribed Mobic in order to reduce inflammation.

16. Plaintiff was re-evaluated on March 19, 2019. At that time, her physician conducted an examination and noted some improvement in arm elevation and range of motion; however the diagnosis was largely unchanged. Plaintiff's physician renewed the prescription for physical therapy.

17. Plaintiff was re-evaluated on a bi-weekly basis through April 30, 2019. At each re-evaluation, her treating physician noted improving elevation and range of motion and slowly recommended increasing the level of activities of daily living. However, plaintiff's primary physician continued to recommend physical therapy at the prescribed frequency of two times per week for four weeks.

18. Throughout the course of this time period, plaintiff had consistently attended physical therapy and had for the services directly to the provider, as the services were billed towards the policy deductible.

19. That on or about April 15, 2019 the policy deductible was reached and therefore defendant Aetna was responsible to make direct payments to plaintiff's service providers under the terms of the Policy.

20. That from April 15, 2019 through July 12, 2019, on the advise and recommendation of her primary care physician, plaintiff received physical therapy services from a service provider.

21. That the physical therapy service provider submitted claims for reimbursement to defendant Aetna Life Insurance Company on or about various dates, per the terms of the healthcare coverage policy.

22. That contrary to the terms of the terms set forth in the healthcare coverage policy, defendant Aetna wrongfully denied the claims submitted by plaintiff's healthcare service provider and refused to pay the properly submitted claims.

23. That defendant Aetna refused to pay said claims based on the false and inaccurate determination that the physical therapy services rendered to plaintiff were "not medically necessary."

24. That such determination is completely contrary and contradicted by the medical diagnosis and recommendations of plaintiff's primary treating physicians and contradicted by the physical examination findings set forth in the medical and physical therapy treatment notes.

38. On November 10, 2019 defendant received plaintiff's appeal letter.

39. On December 9, 2019 defendant issued a letter from its Customer Relations Team stating that it was standing by the original claim determination.

40. Pursuant to her rights under ERISA, and based on the language set forth in defendant's decision on appeal, plaintiff opted not to submit a second administrative appeal. As such, defendant's decision on the appeal and denial of health service benefits effectively exhausts all possible administrative remedies and plaintiff is left with no other recourse than to bring this law suit.

41. That as a result of the denial of the health service provider's claims for health service benefits; plaintiff has paid the amount of $10,680.00 directly to her health service provider.

42. That such services are covered health services under the Policy and therefore defendant was obligated to remit payment directly to plaintiff's health service provider for such services.

43. That at all times hereinafter mentioned, Defendant was, and still is, under an ongoing obligation to provide healthcare benefits to the insured spouse of the covered employee, plaintiff RAMONA ZIMMERMAN, under the terms of the policy, as set forth in the employee benefit plan.

44. That the insured spouse of the covered employee, plaintiff RAMONA ZIMMERMAN, has duly performed all the conditions of such policy, and is fully eligible for all benefits under the terms of the policy, as set forth in the employee benefit plan.

45. That the insured spouse of the covered employee plaintiff RAMONA ZIMMERMAN, has duly complied with all conditions precedent of the provisions of the policy, as set forth in the employee benefit plan.

**V.     CAUSE OF ACTION**

46. Plaintiffs repeat, re-allege and incorporate by reference all preceding paragraphs.

47. That plaintiff was properly diagnosed by her treating medical provider with a physical condition, for which physical therapy was recommended as the best treatment.

49. That plaintiff continually sought evaluation by her treating physician, who continued to subsequently recommend physical therapy based on his medical evaluations.

50. That the physicians' reports and physical therapy progress notes unquestionably demonstrate that the physical therapy services provided were medically

necessary, according to the medical and legal definition of the term "medically necessary," as well as the terms defined by the policy.

51. That Defendant has therefore improperly denied the claims for health service benefits, submitted by plaintiff's health service provider, for dates of service from April 15, 2019 through July 12, 2019.

52. That Defendant was negligent and reckless in its denial of the claims for health service benefits, submitted by plaintiff's health service provider, for dates of service from April 15, 2019 through July 12, 2019.

53. That Defendant has intentionally and wrongfully denied the claims for health service benefits, submitted by plaintiff's health service provider, for dates of service from April 15, 2019 through July 12, 2019.

54. That as a result of the foregoing, plaintiff RAMONA ZIMMERMAN was compelled to pay the amount of $10,680.00 directly to her health service provider and that she has been damaged in that amount.

## VI.  PRAYER FOR RELIEF

55. That plaintiff requests an order and Judgment awarding her the amount of $10,680.00.

56. That plaintiff requests an Order and Judgment awarding her attorney's fees, pre-judgment interest and the costs and disbursements of this action, pursuant to 29 U.S.C 1132 (g)(1).

WHEREFORE, Plaintiff demands an Order and monetary Judgment against the Defendant in the amount of $10,680.00, together with attorney's fees pre-judgment interest and the costs and disbursements of this action.

Dated: Lynbrook, New York
       July 26, 2021

                              Yours, etc.

                              EITAN NOF, ESQ.
                              MANDELL & SANTORA
                              Attorneys for Plaintiff
                              29 Broadway
                              Lynbrook, New York 11563-2640
                              (516) 599-6999
                              (EN-3122)

TO:   Aetna Life Insurance Company
        151 Farmington Ave.
        Hartford, CT 06156

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RAMONA ZIMMERMAN,

                Plaintiffs,

   -against-

AETNA LIFE INSURANCE COMPANY,

                Defendant.
-------------------------------------------------------------------X

## VERIFIED COMPLAINT

EITAN NOF, ESQ.

MANDELL & SANTORA

Attorneys for Plaintiff

29 Broadway

Lynbrook, New York 11563

(516) 599-8866